UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLEN SAVIGNON RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>U.S. ATTORNEY GENERAL, *et al*.,<br><br>Respondents. | Case No.  1:26-cv-03764 (EJD)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

This habeas action concerns the detention of Petitioner Roylen Savignon Rodriguez, a noncitizen who has lived in the United States since October 24, 2023. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances by a neutral decisionmaker that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus. *See* Dkt. 1. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus.

I.      **BACKGROUND**

Petitioner is a citizen of Cuba who entered the United States in October 2023. Dkt. 7-2 at 3. Prior to his entry, Petitioner booked an appointment with U.S. Customs and Border Patrol ("CBP") through its CBP One mobile application. *Id*. Petitioner had his appointment with a CBP Officer on October 24, 2023 at the Paso Del Norte Port of Entry in El Paso, Texas. *Id*. At his appointment, Petitioner was issued a Notice to Appear, placed in removal proceedings under section 240 of the Immigration and Nationality Act ("INA"), and paroled into the United States for a period of two years. (Dkt. 7-2 at 2). Following his release, Petitioner submitted an

Case No.: 1:26-cv-03764-EJD

Application to Register for Permanent Residence of Adjustment of Status pursuant to the Cuban Adjustment Act. Dkt. 1 at 6. That application remains pending. *Id*. Petitioner was arrested on January 21, 2026 for driving under the influence. Dkt. 7-1 at 5. Respondents have not provided any details about the arrest, such as whether Petitioner has been charged or convicted. Neither party has indicated that Petitioner is subject to a final order of removal or when Petitioner's next immigration court hearing is.

Petitioner was re-detained by U.S. Immigrations and Customs Enforcement ("ICE") on January 21, 2026 immediately following his DUI arrest. Dkt. 1 at 2. Based on records submitted by Respondents, it does not appear that ICE issued a warrant prior to re-detaining Petitioner. Petitioner remains detained at the California City Correctional Center.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Petitioner filed this habeas petition and a motion for temporary restraining order on May 19, 2026, arguing that his detention without any finding of changed circumstances violates the INA and his procedural due process rights. *See* Dkt. 1 at 6. While acknowledging that there are "cases to the contrary in this District," Respondents maintain that "Petitioner is an 'applicant for

Case No.: 1:26-cv-03764-EJD

admission' who is subject to mandatory detention" under 8 U.S.C. §1225(b) ("Section 1225"). Dkt. 7 at 2–3. Respondents further argue that "Petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress[,]" and that Petitioner's release was properly revoked given his encounter with law enforcement. *Id*. at 3–4.

### A.    Detention Authority

Respondents' argument with respect to Section 1225 has been widely rejected across this circuit, and indeed, throughout the United States. *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *4–11 (6th Cir. May 11, 2026); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *4–9 (2d Cir. Apr. 28, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026); *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. Sept. 30, 2025); *Menjivar Sanchez v. Wofford,* No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3–7 (E.D. Cal. Oct. 17, 2025) (collecting cases); *Shoimov v. Chestnut*, No. 1:25-CV-1603 CSK, 2026 WL 35624, at *4 (E.D. Cal. Jan. 6, 2026); *Singh v. Bondi et al.*, No. 1:26-CV-0396 DC CSK P, 2026 WL 469169, at *3 (E.D. Cal. Feb. 19, 2026); *Sharan S. v. Chestnut*, No. 1:25-cv-01427-KESSKO (HC), 2025 WL 3167826, at *5 (E.D.Cal. Nov. 12, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *3 (N.D. Cal. Aug. 21, 2025). Applying Section 1225 to non-citizens like Petitioner who are re-detained within the interior of the United States "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (collecting cases). As Petitioner was previously released by Respondents, placed in standard removal proceedings, and then re-arrested in the interior of the United States, the Court finds that Section 1225 is inapplicable, and his detention under that statute is unlawful.

Case No.: 1:26-cv-03764-EJD

3

Further, Petitioner's arrest does not justify application of Section 1225. Respondents do not point to any portions of the statute or case law that supports the Government's position that Petitioner's arrest renders Section 1225 applicable, nor, do they give any details regarding whether the arrest resulted in a charge or a conviction. *See Llanes Tellez v. Bondi*, No. 25-CV-08982-PCP, 2025 WL 3677937, at *8 (N.D. Cal. Dec. 18, 2025) (DUI arrest was insufficient justification for re-detention without providing any procedural safeguards required by due process); *Dicxon Jose P.C v. Warden, California City Det. Facility*, No. 1:26-CV-02658-TLN-CSK, 2026 WL 1045516, at *3 (E.D. Cal. Apr. 17, 2026) (similar); *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983, at 1 (E.D. Cal. Jan. 12, 2026) (similar).[1] Given Respondents' failure to articulate a lawful basis for Petitioner's detention, the Court next turns to his due process claim.

### B.    Due Process

Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### 1.    Liberty Interest

"A protected liberty interest may arise from a conditional release from physical restraint." *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1108 (E.D. Cal. 2025) (citing *Young v. Harper*, 520 U.S. 143, 147–49 (1997)). Upon release, a parolee is allowed to live at liberty and establish ties in the community based "on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). As such, "[e]ven when a statute allows the government to arrest and detain an individual, a protected liberty interest

---

[1] The government does not argue in its opposition to the habeas petition that the conduct Petitioner engaged in that resulted in this arrest constitutes changed circumstances rendering him a danger to the community or a flight risk, and justifying his re-detention under section 1226. If the government had made an evidentiary presentation on this issue, that might well have resulted in a different outcome.

Case No.: 1:26-cv-03764-EJD

United States District Court
Eastern District of California

under the Due Process Clause may entitle the individual to procedural protections not found in the statute." *Omer G.G.*, 815 F. Supp. 3d at 1108.

Petitioner's parole was similar. For nearly three years, it allowed him to establish ties in the community while pursuing relief in his removal proceedings by applying for adjustment of legal status. These actions were made possible by Petitioner's freedom, which is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). As such, Petitioner has a protected liberty interest in his release.[2]

### 2. Mathews Factors

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for nearly three years. After his release, Petitioner was able to develop ties in the community as his removal proceedings progressed. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

---

[2] Respondents have not argued that the expiration of Petitioner's parole justified his re-detention, so the Court need not consider that issue here. Regardless, the Court notes that courts throughout this circuit have found non-citizens still possess a liberty interest in their continued freedom following the expiration of their parole. *See, e.g.*, *Omer G.G.*, 815 F. Supp. 3d at 1108; *Faqeri v. Scott*, No. 2:26-CV-00003-JHC, 2026 WL 194475, at *3 (W.D. Wash. Jan. 26, 2026); *Sanchez Obregon v. Mullins*, No. 5:26-CV-02053-KJM, 2026 WL 1270753, at *3 (C.D. Cal. May 5, 2026); *D.L.C. v. Wofford*, No. 1:25-cv-1996 DC-JDP, 2026 WL 145646, at *4 (E.D. Cal. Jan. 20, 2026) ("[N]umerous courts in the Ninth Circuit have found that when a noncitizen is paroled under that section, his 'liberty interest [does] not expire along with his parole.'").

Case No.: 1:26-cv-03764-EJD

United States District Court
Eastern District of California

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at \*5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Sharan*, 2025 WL 3167826, at \*8 ("Under section 1226(a), petitioner would be entitled to a bond hearing, and any custody redetermination would have to be based on whether petitioner is 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'") (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained, nor was there a warrant issued for his arrest. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified based on changed circumstances, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at \*5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

In light of the fact that Respondents failed to provide any procedural safeguards before re-detaining Petitioner, he is entitled to release.

## IV.   CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED.  IT IS HEREBY ORDERED that:

Case No.: 1:26-cv-03764-EJD

United States District Court
Eastern District of California

1. Respondents immediately release Petitioner Roylen Savignon Rodriguez from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: June 9, 2026

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 1:26-cv-03764-EJD

7